Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
Attorneys for Plaintiff
450 Seventh Ave, Suite 1408
New York, NY 10123
(646) 490-6677
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GUSTAVIA HOME, LLC,

                Plaintiff,

-against-

CRIMINAL COURT OF THE CITY OF NEW YORK, FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, TRANSIT ADJUDICATION BUREAU,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT FOR A CIVIL CASE**

**DOCKET NO.**

GUSTAVIA HOME, LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of CRIMINAL COURT OF THE CITY OF NEW YORK, FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, TRANSIT ADJUDICATION BUREAU (collectively the "Defendants"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1501(4) to discharge a Mortgage dated June 8, 2007 in the amount of

$608,400.00 recorded on August 2, 2007 as CRFN: 2007000399278. (the "Disputed Mortgage") securing the repayment of a note dated the same date against real property known as 90-35 205th Street, Hollis, NY 11423 (the "Subject Premises").

2. On November 17, 2010, Defendant filed a foreclosure action which accelerated the Disputed Mortgage. Since a new foreclosure action was not filed by November 17, 2016, any new foreclosure action is barred by the six-year statute of limitations set forth in CPLR § 213. As a result, the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of the State of Delaware. Plaintiff is a single-member Delaware limited liability company with its member residing in Florida.

4. Plaintiff is the owner of the Subject Premises.

5. All of the Defendants are parties with an interest in the Subject Premises by virtue of subordinate liens and judgments. All of the Defendants, except for FV-1 Inc., In Trust for Morgan Stanley Mortgage Capital Holdings, LLC, are also New York entities.

6. FV-1 Inc., In Trust for Morgan Stanley Mortgage Capital Holdings, LLC ("Defendant") is a Tennessee corporation with its principal place of business in Sumner County, Tennessee.

## JURISDICTION AND VENUE

7. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.      Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## RELEVANT FACTS AND PROCEDURAL HISTORY

9.      On or about June 8, 2007, LUIS E. PALAGUACHI and ROSA E. PALAGUACHI ("Borrowers") borrowed the sum of $608,000.00 by a note dated the same day. A copy of the note is attached hereto as **Exhibit A**. To secure said loan, Borrowers and NUBE LAPORTE executed the Disputed Mortgage in favor of Defendant's predecessor dated May 20, 2005. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**. The Disputed Mortgage was recorded in the office of the City Register, County of Queens on August 2, 2007 as CRFN: 2007000399278. *See* **Exhibit B**.

10.     Said loan was ultimately assigned to Defendant by the allonges to the note (*see* **Exhibit A**) and was memorialized in writing by an assignment of mortgage. Said assignment of mortgage is dated August 10,2016 and recorded in the office of the City Register, County of Queens on August 31, 2016 as CRFN: 2016000302349. True and correct copies of the assignments of mortgage are attached hereto as **Exhibit C**.

11.     On November 17, 2010, J.P. Morgan Mortgage Acquisition Corp., Defendant's predecessor-in-interest commenced an action seeking to foreclose on the Subject Premises, because of the Borrowers' default under the terms of the Disputed Mortgage (the "2010 Foreclosure Action"). A true and correct copy of the summons and complaint for the 2010 Foreclosure Action is attached hereto as **Exhibit D**, bearing index number: 28894/2010. Defendant never prosecuted that action and the action was abandoned. A true and correct copy of the Queens County Clerk Minutes is attached hereto as **Exhibit E**.

12. By a stipulation of discontinuance dated June 12, 2012, J.P. Morgan Mortgage Acquisition Corp., Defendant's predecessor in interest discontinued the foreclosure action. True and correct copies of the notice of stipulation and affirmation in support are attached hereto as **Exhibit F.**

13. On July 29, 2017, Defendant commenced a second foreclosure action to foreclose the Disputed Mortgage even though the statute of limitations expired more than one year before the second foreclosure action was filed (the "2017 Foreclosure Action"). *See* **Exhibit D**. Attached hereto as **Exhibit G** is a true and correct copy of the 2017 Foreclosure Action's Summons and Complaint.

14. However, since more than six-years has passed since the filing of the 2010 Foreclosure Action, which accelerated the Loan and triggered the commencement of the statute of limitations, a new action is barred and the Disputed Mortgage must be discharged of record pursuant to RPAPL § 1501(4).

## CAUSES OF ACTION

### DISCHARGE OF MORTGAGE

15. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

16. Pursuant to RPAPL § 1501 (4):

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case

where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

17. An action to foreclose a mortgage is subject to a six-year statute of limitations. *See* CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt. A foreclosure action is a point of acceleration of the note and mortgage. Furthermore, a stipulation of discontinuance alone is not sufficient to revoke the acceleration of the note and mortgage.

18. Here, at the very latest, the statute of limitations began to run when the 2010 Foreclosure Action was filed notifying the Borrowers that the Disputed Mortgage was accelerated. *See* **Exhibit D**.

19. Although a stipulation of discontinuance was filed in 2012, that stipulation failed to give any apparent reason as to why the 2010 action was being discontinued. *See* **Exhibit F**. The stipulation is silent to on the issue of the revocation of the election to accelerate and did not otherwise indicate that the plaintiff would accept installment payments from the defendant.

20. Therefore, the statute of limitations expired on or before November 17, 2016. *See* **Exhibit D** and CPLR § 213.

21. Since a new action was not filed on or before November 17, 2016, any new foreclosure action is barred by CPLR §213. As a result, the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

22. That any estate or interest that Defendants ever had or claim to have had in the Subject Premises or in any part thereof in the Disputed Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

23. That none of the Defendants are not infants or under any other disability.

24. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Gustavia Home, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Forever barring Defendants and every person or entity claiming under it from all claims to an estate or interest in the Subject Premises;

2. Directing the Queens County Clerk to cancel and discharge of record the Disputed Mortgage;

3. Awarding Plaintiff Attorneys' Fees, Costs and Disbursements for this Action; and

4. For Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
November 23, 2018

/s/ Danielle P. Light
Danielle P. Light, Esq.
*Counsel for Plaintiff*