SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x
J.P. Morgan Mortgage Acquisition Corp.,

                          Plaintiff,

-against-

Luis E. Palaguachi, Rose E. Palaguachi, Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns, Criminal Court of the City of N.Y., New York State Dept of Taxation, Capital One Bank, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgage premises described in the Complaint,

                          Defendants.
------------------------------------------------------------------------x

Index No.: 28894/10
Filed:

**SUMMONS**

Plaintiff designates
Queens County as
the place of trial.
Venue is based upon
the County in which
the mortgaged premises
is situated.

TO THE ABOVE NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorneys for the plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service; or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; or within sixty (60) days if it is the United States of America. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

                          **NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

    THE OBJECT of the above captioned action is to foreclose a Mortgage to secure $608,000.00 and interest, recorded in the office of the clerk of the County of Queens on August 2, 2007 in CRFN 2007000399278 covering premises known as 90-34 205th Street, Hollis, NY 11423.

    The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Bay Shore, New York
November 15, 2010

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

BY: Todd Falasco
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-035133-F00

TO:

Luis E. Palaguachi
90-34 205th Street
Hollis, NY 11423
And/or
8767 129th Street
Richmond Hill, NY 11418

Rose E. Palaguachi
90-34 205th Street
Hollis, NY 11423
And/or
8767 129th Street
Richmond Hill, NY 11418

Printed: 8/24/2017

Nube E. Laporte
90-34 205th Street
Hollis, NY 11423


Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns
8280 Willow Oaks Corporate Drive
Fairfax, VA 22031

Criminal Court of the City of New York
125-01 Queens Boulevard
Queens, NY 11415

New York State Department of Taxation and Finance
Albany, NY 12227

Capital One Bank
4851 Cox Road
Glen Allen, VA 23060

New York City Environmental Control Board
144-06 94th Avenue
Jamaica, NY 11435

New York City Parking Violations Bureau

New York City Transit Adjudication Bureau
505 Fulton Street, 6th Floor
Brooklyn, NY 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
J.P. Morgan Mortgage Acquisition Corp.,

                          Plaintiff,            **COMPLAINT**

    -against-

Luis E. Palaguachi, Rose E. Palaguachi, Nube E. Laporte, Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns, Criminal Court of the City of New York, New York State Department of Taxation and Finance, Capital One Bank, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgage premises described in the Complaint,

                          Defendants.
------------------------------------------------------------------------X

       The plaintiff, by its attorneys, Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, complaining of the defendants herein allege, upon information and belief, as follows:

## AS A FIRST CAUSE OF ACTION

1.     That the plaintiff, J.P. Morgan Mortgage Acquisition Corp., at all times hereinafter mentioned was and still is a foreign corporation with offices at c/o BAC Home Loans Servicing, LP, 7105 Corporate Drive, PTX-C35, Plano, TX 75024.

2.     On or about June 8, 2007, the defendants, Luis E. Palaguachi and Rose E. Palaguachi, executed and delivered to First National Bank of Arizona, a note dated June 8, 2007 whereby they promised to pay the principal sum of $608,000.00.

3.     On or about June 8, 2007, the defendants, Luis E. Palaguachi, Rose E. Palaguachi and Nube E. Laporte(hereinafter "mortgagors"), executed and delivered to Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona a mortgage (hereinafter "mortgage") in the principal sum of $608,000.00, with interest, mortgaging the premises known as 90-34 205th Street, Hollis, NY 11423 (hereinafter "premises") as collateral security for the note. The mortgaged premises are more fully described in **Exhibit "A"** annexed hereto.

4. The Mortgage was duly recorded in the Office of the Clerk of the County of Queens on August 2, 2007 in CRFN 2007000399278 and the recording tax was duly paid. The note and mortgage were assigned to J.P. Morgan Mortgage Acquisition Corp. by an assignment which is in the process of being recorded. Plaintiff is also in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note. A copy of the mortgage and assignment is annexed hereto as **Exhibit "B"**.

5. Pursuant to the note, the defendants, Luis E. Palaguachi and Rose E. Palaguachi, promised to make consecutive monthly payments of principal and interest each month, in accordance with the terms of the note, commencing August 1, 2007 and on the first day of each succeeding month up to and including July 1, 2037 when the entire principal amount and accrued interest shall be due and payable.

6. Pursuant to the mortgage, the mortgagors promised to pay, in addition to principal and interest, all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

7. The Mortgage further provides that in case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and the holder of the Mortgage is empowered to sell the mortgaged premises according to law.

8. The mortgagors failed to comply with the terms, covenants and conditions of said Note and Mortgage by failing and omitting to pay, to the plaintiff, payments due on November 1, 2008 and said default has continued for a period in excess of fifteen (15) days.

9. Pursuant to the terms of the note and mortgage, the plaintiff has elected and does hereby elect to declare the entire principal balance to be due and owing.

10. That there is now due and owing to the plaintiff under said Note and Mortgage the principal sum of $608,000.00 with interest thereon from October 1, 2008, plus late charges and advances made by the plaintiff on behalf of the defendants and any other charges due and owing pursuant to the terms of the Note and Mortgage.

11. The note provides that in the event any installment shall become overdue for a period in excess of 15 days, a late charge on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment.

12. Plaintiff has complied with all conditions precedent, required by the mortgage, prior to the commencement of this action.

13. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

14. In order to protect its security, the plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the Mortgage premises, and other charges which may be necessary for the protection of the Mortgage premises, and the plaintiff pays that any sum or sums so paid, together with interest from the date of payments, shall be added to the plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

15. The defendants, Luis E. Palaguachi and Rose E. Palaguachi, are named as party defendants to this action because they are the record owners of the subject premises, original mortgagors and the parties liable for payment of the mortgage debt.

16. The defendant, Nube E. Laporte, is named as a party defendant to this action because she is a record owner of the subject premises and an original mortgagor.

17. The defendant, Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns, is made a party defendant to this action because it is the holder of a subordinate Mortgage on the subject premises. Said mortgage is dated June 8, 2007, recorded August 2, 2007, in CRFN 2007000399279 to secure payment of the principal sum of $114,000.00.

18. The defendant, Criminal Court of the City of New York, is made a party defendant to this action because it is the holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "C"** annexed hereto.

19. The defendant, New York State Department of Taxation, is made a party defendant to this action because it is the holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "C"** annexed hereto.

20. The defendant, Capital One Bank, is made a party defendant to this action because it is the holder of Judgment(s) against the property being foreclosed herein.

21. The defendant, New York City Parking Violations Bureau, is made a party defendant to this action because it is the holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "C"** annexed hereto.

22. The defendant, New York City Environmental Control Board, is made a party defendant to this action because it is the holder of a Judgment(s) against the property being foreclosed herein.

23. The defendant, New York City Transit Adjudication Bureau, is made a party defendant to this action because it is the holder of a Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "C"** annexed hereto.

24. That each of the above named defendants have or claims to have, some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's Mortgage and is subject and subordinate thereto.

25. That the plaintiff is now the sole, true and lawful owner of the said note and mortgage securing the same or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note and that there are no pending proceedings at law or otherwise to collect or enforce said note and mortgage.

26. Plaintiff has complied with all of the provisions of Banking Law §595-a and any rules and regulations promulgated thereunder, Banking Law §§6-1 and 6-m and Real Property Actions and Proceedings Law §1304 unless exempt from doing so.

27. Plaintiff has complied with the provisions of RPAPL §1306 unless exempt from doing so.

28. The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in One parcel and that if the premises consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the parcels to be sold as one parcel.

29. The sale of the mortgaged premises under foreclosure herein is subject to any state of facts that an inspection of the premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgage premises and any violation thereof, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject premises, and to zoning regulations and ordinances of the city, town or village in which said Mortgage premises lies and any Violations thereof.

30. In the event that the plaintiff possesses any other lien(s) against the mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) not be merged in plaintiff's cause(s) of action set forth in this Complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

31. The defendant(s) named "JOHN DOE #1" though "JOHN DOE #10" may be persons or parties in possession of, having or claiming an interest in or lien on the premises.

### AS AND FOR A SECOND CAUSE OF ACTION

32. The plaintiff repeats and realleges each and every allegation contained in paragraphs designated 1 through 31.

33. The mortgage provides that in the event of default by the mortgagors, Luis E. Palaguachi, Rose E. Palaguachi and Nube E. Laporte, plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage.

WHEREFORE, the plaintiff demands judgment against the Defendant(s) as follows:

a) That the defendants and all persons claiming under them or any of them, subsequent to the commencement of this action and to the filing of the Notice of Pendency of this action, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises;

b) That the mortgaged premises be sold in One parcel according to law subject to any state of facts an accurate survey would show, any covenants, easements, encroachments, reservations, and restrictions, violations and agreements of record, zoning regulations and ordinances of the city, town, or village; wherein the premises are located, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record and any and all rights of the United States of America to redeem the subject premises;

c) That the premises be sold in accordance with Title 28, Section 2410 of the United State Code preserving all rights of redemption, if any, of the United States of America;

d) That the monies received from the sale be brought into Court and that plaintiff be paid the amount adjudged to be due it with interest thereon to the time of such payment, together with late charges, any sums paid by the plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premiums, sums expended for the protection or preservation of the property, together with attorneys' fees as demanded in the second cause of action, the costs and disbursements of this action and any other necessary expenses to protect the lien of the Mortgage to the extent that the amount of such monies applicable thereto will pay the same;

e) That this Court, if requested, appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties;

f) That the defendants, Luis E. Palaguachi and Rose E. Palaguachi, be adjudged to pay any deficiency which may remain after applying all of such monies as aforesaid in accordance with the law and provided that plaintiff have execution therefore;

g) That in the event plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action(s) set forth in the Complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; h) That plaintiff have such other and further relief in the mortgaged premises as may be just and equitable.

Dated: Bay Shore, New York
November 15, 2010

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

By: _____
Todd Falasco
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-035133-F00

Universal Abstract Agency
20 West Main Street
Bayshore, N.Y. 11706

**SCHEDULE A**

**DESCRIPTION OF MORTGAGED PREMISES**

**Title No.** U01-035133

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of 205th Street, distant 367 feet northerly from the corner formed by the intersection of the northerly side of 93rd Avenue and the westerly side of 205th Street;

RUNNING THENCE westerly parallel with 93rd Avenue, 100 feet;

THENCE northerly parallel with 205th Street, 33.17 feet;

THENCE easterly parallel with 93rd Avenue 100 feet to the westerly side of 205th Street;

THENCE southerly along the westerly side of 205th Street 33.17 feet to the point or place of BEGINNING.

Printed: 8/24/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------x
J.P. Morgan Mortgage Acquisition Corp.,

Index No.: 28854/10
Filed:

Plaintiff,

**NOTICE OF PENDENCY OF ACTION**

-against-

Luis E. Palaguachi, Rose E. Palaguachi, Nube E. Laporte, Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns, Criminal Court of the City of New York, New York State Department of Taxation and Finance, Capital One Bank, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgage premises described in the Complaint,

Defendants.
----------------------------------------------------------------x

NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a Complaint of the above named Plaintiff against the above named Defendants for the foreclosure of a Mortgage, dated June 8, 2007, executed by Luis E. Palaguachi, Rose E. Palaguachi and Nube E. Laporte, as mortgagors, to Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, as mortgagee, to secure the sum of $608,000.00, and recorded in the Office of the Clerk of the County of Queens on August 2, 2007 at CRFN 2007000399278. The note and mortgage were assigned to J.P. Morgan Mortgage Acquisition Corp. by an assignment which is in the process of being recorded.

NOTICE IS FURTHER GIVEN, that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of this notice, was situated at 90-34 205th Street, Hollis, NY 11423, County of Queens, State of New York at Block 10485, Lot 88.

The Clerk of the County of Queens is directed to index this notice to the names of all of the above defendants. The premises known as 90-34 205th Street, Hollis, NY 11423, in Queens County, New York.

Dated: Bay Shore, New York
November 15, 2010

Yours, etc.,
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

By: Todd Falasco
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-035133-F00

BLOCK 10485
LOT 88

**Universal Abstract Agency**
**20 West Main Street**
**Bayshore, N.Y. 11706**

### SCHEDULE A

### DESCRIPTION OF MORTGAGED PREMISES

**Title No.** U01-035133

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of 205th Street, distant 367 feet northerly from the corner formed by the intersection of the northerly side of 93rd Avenue and the westerly side of 205th Street;

RUNNING THENCE westerly parallel with 93rd Avenue, 100 feet;

THENCE northerly parallel with 205th Street, 33.17 feet;

THENCE easterly parallel with 93rd Avenue 100 feet to the westerly side of 205th Street;

THENCE southerly along the westerly side of 205th Street 33.17 feet to the point or place of BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

J.P. Morgan Mortgage Acquisition Corp.,

                                      Plaintiff,

            - against -

Luis E. Palaguachi, Rose E. Palaguachi, Nube E. Laporte, Mortgage Electronic Registration Systems, Inc as nominee for First National Bank of Arizona, its successors and assigns, Criminal Court of the City of New York, New York State Department of Taxation and Finance, Capital One Bank, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgage premises described in the Complaint,

                                      Defendants.

## NOTICE OF PENDENCY OF ACTION

**Frenkel, Lambert, Weiss, Weisman & Gordon, LLP**
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Fax (631) 969-3101
Our File No.: 01-035133-F00

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for