UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- x
GUSTAVIA HOME, LLC,

                    Plaintiff,

            vs.

CRIMINAL COURT OF THE CITY OF NEW         18-cv-6800 FB-SJB
YORK, FV-1, INC., IN TRUST FOR MORGAN
STANLEY MORTGAGE CAPITAL HOLDINGS,
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
TRANSIT ADJUDICATION BUREAU,

                    Defendants.
------------------------------------- x

## ANSWER OF DEFENDANT FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS

      Defendant, FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS (hereinafter "Defendant" or "FV-1"), by its undersigned counsel, Greenspoon Marder, LLP, hereby answers[1] the Complaint filed on November 29, 2018 (the "Complaint"). Except as otherwise expressly admitted, qualified or otherwise answered, FV-1 denies each and every allegation and assertion made in the Complaint.

---

[1] FV-1 served a motion seeking stay and/or dismissal of this action pursuant to FRCP 12(b)(1) on February 8, 2019. The motion will be filed when it has been fully briefed in accordance with this Court's bundling rule. FV-1 anticipates that this motion will be granted and this action either stayed pending resolution of the parallel state court action or dismissed, and files this answer only in an abundance of caution to reserve all of its rights.

1. FV-1 admits to being the holder of a Mortgage dated June 8, 2007 in the amount of $608,400.00, recorded on August 2, 2007 in CRFN 2007000399278 (the "Subject Mortgage"). FV-1 denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. FV-1 admits that its predecessor filed a foreclosure action in the New York State Supreme Court, Queens County, bearing Index No. 28894/2010, on November 17, 2010 (the "State Court Foreclosure Action"). The remaining allegations in paragraph 2 of the Complaint are denied.

3. FV-1 lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies same.

4. FV-1 denies the allegations set forth in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits that FV-1 is the holder of the Subject Mortgage and states that the true Borrowers, Luis E. Palaguachi, Rosa E. Palaguachi, and Nube Laporte, are not named in the instant action.

6. FV-1 denies the allegations set forth in paragraph 6 of the Complaint. FV-1 is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business of New York, New York.

7. Paragraph 7 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies the allegations in paragraph 7 of the Complaint in their entirety, except denies knowledge or information sufficient to form a belief as to the citizenship of the parties other than FV-1.

8. Paragraph 8 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 admits the subject property is located in this District, but otherwise denies each and every allegation in paragraph 8 of the Complaint.

9. FV-1 admits the allegations set forth in paragraph 9 of the Complaint.

10. FV-1 admits the allegations set forth in paragraph 10 of the Complaint.

11. FV-1 denies the allegation set forth in paragraph 11, except admits only that FV-1's predecessor-in-interest commenced an action seeking to foreclose the Subject Mortgage, under Index No. 28894/2010. The 2010 action was prosecuted to the extent that a supplemental summons and amended complaint was filed. On July 6, 2012, Defendant's predecessor-in-interest filed a Voluntary Discontinuance without prejudice and Stipulation to Cancel the Lis Pendens.

12. FV-1 admits the allegations set forth in paragraph 12 of the Complaint.

13. FV-1 denies the allegations set forth in paragraph 13 of the Complaint, except admits only that a foreclosure action was commenced on July 29, 2017, bearing Index No. 710424/2017.

14. FV-1 denies the allegations set forth in paragraph 14 of the Complaint.

### AS FOR THE CAUSE OF ACTION FOR DISCHARGE OF MORTGAGE

15. In response to paragraph 15 of the Complaint, FV-1 repeats and realleges each and every response set forth in paragraph 1 through 14.

16. Paragraph 16 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies each and every allegation in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies each and every allegation in paragraph 17 of the Complaint.

18. FV-1 denies each and every allegation in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies each and every allegation in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion as to which no response is required. To the extent that a response is required, FV-1 denies each and every allegation in paragraph 20 of the Complaint.

21. FV-1 denies each and every allegation in paragraph 21 of the Complaint.

22. FV-1 denies each and every allegation in paragraph 22 of the Complaint.

23. FV-1 lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23, and therefore denies same.

24. Paragraph 24 of the Complaint states a conclusion of law as to which no response is required. To the extent that a response is required, FV-1 denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies same.

## IN ANSWER TO THE PRAYER FOR RELIEF

25. Plaintiff's "Prayer for Relief" is denied in its entirety.

## FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief may be granted.

4

## SECOND AFFIRMATIVE DEFENSE

27. The Complaint fails to name all necessary parties. Specifically, the Complaint fails to name Luis E. Palaguachi, Rosa E. Palaguachi, and Nube Laporte, the borrowers and obligors on the note and mortgage at issue.

## THIRD AFFIRMATIVE DEFENSE

28. Plaintiff is not entitled to the relief it seeks. Specifically, Plaintiff is a party to a parallel action, bearing Index No. 710424/2017, filed in Queens County Supreme Court.

## FOURTH AFFIRMATIVE DEFENSE

29. FV-1 was at all times, and currently is, the first lien holder for the subject premises.

## FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff is barred from the relief it seeks by the doctrines of unclean hands, estoppel, laches, unjust enrichment, and bad faith.

## SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff is barred from the relief it seeks by the *Colorado River* abstention doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

32. FV-1 anticipates that upon conclusion of the State Court Foreclosure Action, Plaintiff's claims in this action will be barred by the doctrines of res judicata and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

33. This Court lacks subject matter jurisdiction over Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

34. FV-1 hereby gives notice that it intends to rely on other defenses that may become available or appear during the course of this action.

WHEREFORE, FV-1, having fully answered the Complaint, prays that the Court:

a. dismiss the Complaint with prejudice;

b. award FV-1 the cost of defending Plaintiff's claims, including reasonable attorneys' fees; and

c. award FV-1 such other and further relief as is deemed just and proper.

Dated: New York, New York
February 21, 2019

GREENSPOON MARDER LLP

By: *Wendy Michael*

Wendy Michael, Esq.
Erik Berglund, Esq.
590 Madison Avenue, 18th Floor
New York, New York 10022
(212) 524-5000

Attorneys for FV-1, INC., IN TRUST FOR
MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS