Rafi Hasbani, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (646) 490-6677

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GUSTAVIA HOME, LLC,

                                                            Case No. 1:18-cv-06800-FB-SJB

                           Plaintiff,

                          -against-

CRIMINAL COURT OF THE CITY OF NEW YORK, FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, TRANSIT ADJUDICATION BUREAU,

                                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY OR DISMISS**

                                                                                       HASBANI & LIGHT, P.C.
                                                Attorneys for Plaintiff Gustavia Home, LLC
                                                             450 Seventh Ave, Suite 1408
                                                                         New York, NY 10123
                                                                               (P) (646) 490-6677
                                                                              (F) (347) 491-4048

Dated: March 6, 2019

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 3

**FACTUAL BACKGROUND** ............................................................................................ 3

**LEGAL STANDARD** ....................................................................................................... 3

**ARGUMENT** ..................................................................................................................... 4

    I.   **THE COURT MUST ALLOW PLAINTIFF TO PROSECUTE THIS ACTION BECAUSE THE COLORADO RIVER DOCTRINE DOES NOT APPLY** ........................................................................................................... 4

        A.   The Prior Exclusive Jurisdiction and Prior Pending Doctrines Do Not Apply to the Within Action ................................................................................ 6

        B.   Diversity Jurisdiction Gives Plaintiff the Right to Commence its Action in Federal Court ..................................................................................................... 8

        C.   There is no Risk of Inconsistent Results ........................................................... 9

        D.   The State Action has not Progressed Significantly Further than the Present Action .................................................................................................................. 10

        E.   State Law and Adequate Protection do not Require Abstention .................. 11

**CONCLUSION**………………………………………………………………………………11

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Plaintiff Gustavia Home, LLC ("Plaintiff" or "Gustavia") in opposition to Defendant FV-1, INC., IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC's ("Defendant or FV-1") motion for an order staying or dismissing the complaint pursuant FRCP Rule 12(b)(1). As set forth below, Plaintiff has demonstrated that its action should not be stayed, has merit, and that the *Colorado River Doctrine* does not apply. The Court should not abstain from proceeding with the within action as it is properly before the Court.

## FACTUAL BACKGROUND

For the purposes of judicial economy, Plaintiff agrees with the Factual Background laid out in Defendant's Affirmation. However, Plaintiff disagrees that Plaintiff's counterclaims in the State Action seek to have the mortgage discharged.

## LEGAL STANDARD

It has been well established that:

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction ... a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the [c]ourt 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F.Supp.2d 392, 399 (S.D.N.Y. 2003) (citation omitted), aff'd, 403 F.3d 76 (2d Cir.

2005). "The court may consider affidavits and other materials beyond the pleadings but cannot 'rely on conclusory or hearsay statements contained in the affidavits.' " *Young v. United States*, No. 12-CV-2342 (ARR)(SG), 2014 WL 1153911, at *6 (E.D.N.Y. Mar. 20, 2014) (quoting J.S. ex rel. *N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) ).

*Jiles v. Rochester Genesee Regional Trsptn Auth.*, 317 F.Supp.3d 695, 699 (W.D.N.Y. 2018)

## ARGUMENT

### I. THE COURT MUST ALLOW PLAINTIFF TO PROSECUTE THIS ACTION BECAUSE THE COLORADO RIVER DOCTRINE DOES NOT APPLY

Regarding abstention, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Cortes-Goolcharran v. Rosicki, Rosicki & Assocs., P.C.*, No. 17CV3976FBSJB, 2018 WL 3748154, at *3 (E.D.N.Y. Aug. 7, 2018) (citing to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This rule "stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* In *Colorado River*, the Supreme Court held that "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," could justify dismissal of a federal action, but only in "exceptional" circumstances. *Colorado River Water Conservation Dist.*, 424 U.S. at 817. "Only the clearest of justifications will warrant dismissal." *Colorado River Water Conservation Dist.*, 424 U.S. at 819.

"[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River." *Cortes-Goolcharran*, No. 17CV3976FBSJB, 2018 WL 3748154, at *4 (E.D.N.Y. Aug. 7, 2018) (citing to *Dittmer v. City of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). "Suits are parallel when substantially

the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (Internal citations omitted). In other words, " 'Federal and state proceedings are "concurrent" or "parallel" for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.' " *Mazuma Holding Corp. v. Bethke*, *supra*. (Internal citations omitted.). Parallelism will be found when "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *In re Comverse Tech., Inc.*, No. 06–CV–1849 (NGG)(RER), 2006 WL 3193709, at *2, 2006 U.S. Dist. LEXIS 80195, at *6 (E.D.N.Y. Nov. 2, 2006). (Internal Citation Omitted.). However, "[a]ny doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." *Id. (Internal citations omitted.).*

The within action and the pending State Foreclosure Action ("State Action") in the Supreme Court of the State of New York, County of Queens bearing Index No.: 710424/2017 are not parallel. The two actions seek different relief and the disposition of the State Action will not dispose of all the claims brought in the within action. Although the parties may be the same, however, in the State Action, Gustavia does not counterclaim seeking a discharge of the mortgage. See **Exhibit O** attached to the motion.

FV-1's State Action seeks to foreclose on a property known as 90-35 205th Street, Hollis, NY 11423, (hereinafter as "Subject Premises"). See **Exhibit L** of the motion. The within action seeks to discharge FV-1's mortgage from the property pursuant to RPAPL § 1501 as the loan is barred by the statute of limitation. Gustavia's Answer in the State Action only pleads in its Eighth Affirmative Defense that the State Action is time barred by the statute of limitations, not the loan.

Pursuant to *Deutsche Bank Nat'l Tr. Co. v. Gambino*, 153 A.D.3d 1232, 1234, 61 N.Y.S.3d 299 (2d Dept. 2017), the cause of action to quiet title is a separate cause of action from a cause of action to foreclose on a Loan as asserted in the State Action. The state litigation for foreclosure will not resolve the issues in this quiet title action, because the quiet title claim was not asserted by any party in the State Action. As a result, there is no chance that the state court action will resolve the Article 15 cause of action to quiet title as asserted in this action. Given the fact that the two actions are based on different causes of action and not parallel, the court need not consider the remainder of Defendant's motion.

### A. The Prior Exclusive Jurisdiction and Prior Pending Doctrines Do Not Apply to the Within Action

FV-1 argues that the Court does not have Subject Matter Jurisdiction over this action pursuant to the Prior Exclusive Jurisdiction Doctrine. However, the Prior Exclusive Jurisdiction Doctrine does not apply to the within action and Defendant's arguments are misplaced. The court has Subject Matter Jurisdiction and should continue to hear this case.

Pursuant to the Prior Exclusive Jurisdiction Doctrine, "The prior exclusive jurisdiction doctrine prevents a later court from exercising in rem jurisdiction over the same res as an earlier court. *See*, e.g., *U.S. Specialty Ins. Co. v. A-Val Architectural Metal Corp.*, No. 15-CV-760, 2015 WL 3948115, at *6 n.3 (S.D.N.Y. June 29, 2015)." *Sylvester v. Bayview Loan Servicing LLC*, No. 15-CV-1736, 2016 WL 3566234, 6, (S.D.N.Y 2016). The Courts have also held

> While it is often said that, of two courts having concurrent jurisdiction in rem, one first taking possession acquires exclusive jurisdiction, *see Peck v. Jennes, supra*, pages 624, 625 of 7 How., 12 L.Ed. 841; *Wabash R. Co. v. Adelbert College, supra*, page 54 of 208 U.S., 28 S.Ct. 182; *Harkin v. Brundage, supra*, page 43 of 276 U.S., 48 S.Ct. 268, *it is exclusive only so far as its exercise is necessary for the appropriate control and disposition*

> *of the property. The jurisdiction does not extend beyond the purpose for which it is allowed, to enable the court to exercise it appropriately and to avoid unseemly conflicts (emphasis added). See Leadville Coal Co. v. McCreery, supra*, page 477 of 141 U.S., 12 S.Ct. 28. The other court does not thereby lose its power to make orders which do not conflict with the authority of the court having jurisdiction over the control and disposition of the property. *Yonley v. Lavender*, 21 Wall. 276, 22 L.Ed. 536; *Heidritter v. Elizabeth Oil-Cloth Co.,* 112 U.S. 294, 304, 5 S.Ct. 135, 28 L.Ed. 729; Byers v. *McAuley*, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867.

*Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 198 (1935).

As seen above, the State Court's exclusive jurisdiction is only for the appropriate control and disposition of the property. *Id.*

The State Action will not decide the ultimate disposition of the property. Gustvia's Answer only asserts that the State Action itself is barred by the statute of limitations, but not the loan. In the within action, Gustavia's allegation differ, because it is alleging the loan itself is time barred, therefore, the mortgage must be expunged from the records affecting the Subject Premises.

Furthermore, even though the State Court denied Gustavia's pre-answer motion to dismiss prior to the commencement of this action, the within action was commenced after a change in the law. Based on the law at the time of the denial of Gustavia's pre-answer motion to dismiss in the State Action, Gustavia did not have grounds to commence the within action. However, after *Freedom Mortgage Corp. v. Engel*, 2018 WL 3371696, 2 (2nd Dept. 2018) was decided by the New York Appellate Division, Second Department, Gustavia had grounds to commence the within action to alleging that FV-1's loan is time barred and to have the mortgage extinguished from the property records. Said decision was not rendered by New York Appellate Division, Second Department until July 11, 2018. With the State Action only seeking to foreclose on the Subject Premises and Gustavia's defenses in the State Action only allege that the State

Action is time barred, the State Action will not be the ultimate deciding factor of the disposition of the Subject Premises; therefore, the exclusive jurisdiction and prior jurisdiction doctrines do not apply.

### B. Diversity Jurisdiction Gives Plaintiff the Right to Commence its Action in Federal Court

As alleged in Plaintiff's complaint "This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332." See **Exhibit A**. Plaintiff has the right to bring the within action in Federal Court as it and the Defendant are citizens of different states and the amount in controversy is over $75,000.

Defendant argues that since the State Court has already heard one motion and another motion is pending, it is more convenient to continue the prosecution of the action in State Court. However, as stated above, the State Action will either determine the foreclosure of the property or Gustavia's defense that the State Action itself is time barred, it will not determine if the loan is time barred. Referring again to *Deutsche Bank v. Gambino supra*, an action to quiet title and expunge a mortgage pursuant to RPAPL § 1501 is separate from a foreclosure action. Even though time and time again Defendant's memorandum of law states that Gustavia's counterclaims seek to extinguish the mortgage, Gustavia never pleaded any counterclaims seeking to have the mortgage extinguished.

The forum of the Federal Court is just as convenient to the parties as the State Court as both courts are in New York and in New York City. Neither party will be inconvenienced by the prosecution of the within action in Federal Court.

## C. There is no Risk of Inconsistent Results

Defendant argues that there is a risk of inconsistent ruling from the State and Federal Courts. However, Defendant has not given any reason as to why the rulings may differ. Furthermore, as stated time and time again, the cause of action and defenses sought in the State Action, differ from the cause of action sought in the within action.

The Courts of the New York Eastern District have held "If the state suit will not resolve the same claims, then other doctrines—such as res judicata and collateral estoppel—are sufficient to mitigate the risk of inconsistent outcomes without the harsh side effect of depriving the plaintiff in the federal suit of a possible remedy without recourse." *Cortes-Goolcharran v. Rosicki, Rosicki & Associates, P.C.*, 2018 WL 3748154, 4 (E.D.N.Y. 2018). The Court further held that although the validity of the mortgage is at issue in both the state foreclosure and federal quiet title action, the causes of action in the two actions differ. *Id.*

The Courts have also held:

> An action to quiet, or to remove a cloud on, title was originally created by courts of equity in order to enhance the marketability and transferability of real property titles. Warren's Weed New York Real Property § 24.01. Today, a plaintiff may bring a claim to quiet title under common law, the New York Real Property Action and Proceedings Law ("RPAPL") Article 15 or both. *Barberan v. Nationpoint*, 706 F.Supp.2d. 408, 417 (S.D.N.Y.2010) (citing N.Y .C.P.L.R. § 4101(2); Warren's Weed § 24.36). To state a claim under an equitable quiet title theory a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative. Id. at 418. However, "under Article 15 of the [RPAPL], the plaintiff need only plead its claim to an estate or interest in land and defendant's adverse claim; plaintiff need not plead the "invalidity" of defendant's claim as required under the common law." W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 196 (2d Cir.1987) (citing RPAPL § 1515(1)).

*Obanya v. Select Portfolio Servicing, Inc.*, 2015 WL 5793603 (E.D.N.Y. 2015)

As stated above, Defendant has not given any reason why the State and Federal orders may be inconsistent. However, if some reason they might be, Defendant still has the remedies of collateral estoppel or res judicata to rely on. Should the orders be inconsistent, Defendant will not be prejudiced.

Furthermore, Plaintiff is within its right to commence this action in federal court. It has an interest in the property and it has a right to remove a cloud from title. Plaintiff's action is brought under RPAPL § 1501 and Defendant's state action is brought under RPAPL Article 13. The two actions are governed by different laws and statutes; therefore, abstention should not apply.

### D. The State Action has not Progressed Significantly Further than the Present Action

Defendant argues that the State action has progressed "Significantly" more than the within action. Such allegations are completely false. Plaintiff relies on *Aventura Tech Inc. v. World of Residensea II Ltd.*, 646 Fed.Appx. 92 (2nd Circt. 2016) and distinguishes the within case from the ruling. In the State Action, Plaintiff filed a pre-answer motion to dismisss and a motion to reargue. The limited discovery referred to by Defendant is Defendant objecting to Plaintiff's discovery demands and sending a copy of the note, mortgage and assignments. All these documents are documents Plaintiff already had from Defendant's filing of the State Action. See **Exhibit B**.

The two actions are practically at the same stages. In the State Action a motion to renew the pre-answer motion to dismiss is pending and in the within action, Defendant's pre-answer motion to dismiss is also pending. Nothing in the State Action has materialized

especially not to a "Significant" progression that would require the Federal Court to abstain from proceeding with the within action.

### E. State Law and Adequate Protection do not Require Abstention

It is well established "the presence of a federal basis for jurisdiction may raise the level of justification needed for abstention." *Colorado River*, 424 U.S. 800, 815 n. 21, 96 S.Ct. 1236, 1245 n. 21, 47 L.Ed.2d 483 (1976); see also *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295, 1308 (2d Cir.1990)." *Planned Parenthood of Dutchess-Ulster, Inc. v. Steinhaus*, 60 F.3d 122, 126 (2nd Circt. 1995). The Court further ruled that, the district abused its discretion when it abstained from the action, because of pending state law claims. *Id.* at 128.

As stated above, there is complete diversity between the parties and the matter has a monetary value of over $75,000. Since there is the presence of a federal basis for jurisdiction the level of justification for abstention is higher. State law does not prohibit a federal court from hearing the case. The federal courts and judges are well versed and fully capable of handling state laws.

Lastly, the State Court does not adequately protect Plaintiff's claim. As stated over and over in this memorandum, in the State Action, Plaintiff does not seek to have the mortgage discharged, but only to have the action deemed as time barred.

## CONCLUSION

The Court should not stay or dismiss the within action as abstention is not required. The within action and the State action are not parallel. The actions differ and seek two

different causes of action. Furthermore, the causes of action or even governed under different articles of the Real Property Actions and Proceedings Law. The Court should allow the parties to proceed with the within action regardless of the pending State Action as Plaintiff is fully within its rights to be heard in the federal courts; therefore Defendant's motion should be denied in its entirety.