UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
GUSTAVIA HOME, LLC,

               Plaintiff,

  -against-

FV-1, INC., IN TRUST FOR MORGAN
STANLEY MORTGAGE CAPITAL
HOLDINGS, ET AL,

               Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-6800 (FB)(SJB)

*Appearances:*
*For the Plaintiff*:
RAFI HASBANI, ESQ
Hasbani & Light, P.C.
450 Seventh Ave, Suite 1408
New York, N.Y. 10123

*For the Defendants*:
WENDY MICHAEL, ESQ
Greenspoon Marder LLP
590 Madison Ave, 18th Floor
New York, N.Y. 10022

**BLOCK, Senior District Judge:**

Plaintiff brings this action for quiet title under New York Real Property Actions and Proceedings Law ("RPAPL") §1501(4). Defendants move to stay or dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and the *Colorado River* abstention doctrine. For the reasons stated below, defendants' motion is granted.

## I.    Background

The facts laid out in defendants' affirmation, in addition to the facts included in the exhibits, are incorporated herein. *See* Dkt. #29.

1

## II. Abstention

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This rule "stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id*. In *Colorado River*, the Supreme Court held that "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," could justify dismissal of a federal action, but only in "exceptional" circumstances. *Id*. at 818. "Only the clearest of justifications will warrant dismissal." *Id*. at 819. Defendants move to stay or dismiss this action. *See Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 77 (2d Cir. 1996) ("[t]here is no difference between a stay and a dismissal for purposes of the *Colorado River* doctrine."). For the reasons below, the motion is granted.

### a. The State and Federal Actions are Parallel

"[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. City of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id*. (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)).

2

Here, the same parties are litigating in both forums: Gustavia and FV-1. The same issues are at play in both forums as well. In this action, plaintiff seeks the cancellation and discharge of the mortgage pursuant to RPAPL §1501(4). *See* Complt at ¶1. In state court, plaintiff requested, in a motion to dismiss, the "cancellation and discharge of record of the underlying mortgage pursuant to RPAPL 1501(4)." Dkt. #29-14 at 5.

The main issue in the state court action —whether FV-1 can enforce its note and mortgage—is substantially similar to the issue in this federal action for quiet title. *See Krondes v. Nationstar Mortg., LLC*, No. 17-cv-4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018) (a state foreclosure action and a federal action seeking to invalidate a mortgage were parallel). Additionally, there is a substantial likelihood that resolution of the state foreclosure litigation will dispose of this federal quiet title claim. *See In re Comverse Tech., Inc.,* No. 06–cv–1849, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006) ("[p]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case."). Thus, the Court finds that these cases are parallel.

### b. Colorado River Factors

The four factors which the Supreme Court identified in *Colorado River* are: (1) whether the state or federal court has assumed jurisdiction over a case, (2) the

inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the concurrent forums obtained jurisdiction. *Colorado River*, 424 U.S. at 818–19. The Supreme Court later identified two more elements: (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-26 (1983).

### 1. Whether the state or federal court has assumed jurisdiction over a case

The first factor considers whether either court has assumed jurisdiction over any *res*. Here, the state court first asserted jurisdiction over the *res* by issuing several opinions pertaining to the foreclosure of the mortgage on the property. "A foreclosure action is an *in rem* proceeding." *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999). This Court, and Magistrate Judge Bulsara, have merely facilitated discovery and settlement discussions. There has yet to be a ruling by this court concerning the *res*. As such, this factor favors abstention.

### 2. The inconvenience of the federal forum

"Where the federal forum and the state forum are equally convenient, the second factor counsels against abstention." *Sitgraves v. Fed. Home Loan Mort. Corp.*, 265 F.Supp.3d 411, 414 (S.D.N.Y. 2017). In this case, "the state and federal courthouses in New York City are next-door neighbors." *Arkwright–Boston Mfrs.*

*Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 210 (2d Cir. 1985). As such, this factor favors maintaining jurisdiction.

### 3. The desirability of avoiding piecemeal litigation

The danger of piecemeal litigation is the "paramount consideration" in the abstention analysis. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19. This factor favors abstention because "the issue of the ownership of the Mortgage and Note can and should be handled as a defense to the foreclosure claim." *Bromfield v. Lend-Mor Mortg. Bankers Corp.*, No. 3:15-cv-1103(MPS), 2016 WL 632443, at *5 (D. Conn. 2016). The state court considered plaintiff's request for cancellation and discharge of the mortgage in the motion to dismiss decision, but rejected such request based on a procedural error. *See* Dkt. #29-30 at 2.

Because preserving these parallel proceedings would "waste judicial resources and invite duplicative effort," and possibly allow inconsistent results, this factor heavily favors abstention. *Arkwright*, 762 F.2d at 211.

### 4. The order in which the concurrent forums obtained jurisdiction

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. The state action was filed first and has procedurally progressed further than this action. While in this action discovery has closed and dispositive motions are due shortly, the state action has

5

survived a motion to dismiss and a motion to renew. Gustavia answered the state court complaint and asserted counterclaims. Additionally, Gustavia has appealed the rulings of the state court. None of these procedural steps have taken place here. This factor favors abstention.

### 5. Whether state or federal law controls

"[A]lthough the presence of federal issues strongly advises exercising federal jurisdiction, the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999). There are no federal issues here. Instead, jurisdiction is based solely on diversity and this court would be deciding state property law issues. Thus, this factor slightly favors abstention. *See Wiggin & Co. v. Ampton Invs., Inc.,* 66 F.Supp.2d 549, 554 (S.D.N.Y. 1999) ("the absence of a federal question still slightly favors abstention.").

### 6. The adequacy of the state forum to protect the parties' rights

The final factor concerns whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28. There is no reason to believe that the state court, that ruled on two detailed motions, will not protect plaintiff's substantive and procedural rights. Nevertheless, the ability of the state court to adequately protect plaintiff's interests only makes this factor neutral. *See*

6

*Estee Lauder Comp. Inc. v. Batra,* 430 F.Supp.2d 158, 169 (S.D.N.Y. 2006) ("[T]he ability of the [state] court to adequately protect [plaintiff's] interests renders the sixth factor largely neutral.").

### III. Conclusion

The court finds that abstention is appropriate in this case. Despite the presumption against relinquishing jurisdiction, the *Colorado River* factors validate that this is an extraordinary case in which the interests of "conservation of judicial resources and comprehensive disposition of litigation" favor abstention. *Colorado River,* 424 U.S. at 817. As such, the motion to dismiss is granted and the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                  /S/ Frederic Block_____
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

February  26 , 2020
Brooklyn, New York